<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRUCE WARREN | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-1635 |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| SPECIFIED CREDIT ASSOCIATION INC. and SPECIFIED CREDIT ASSOCIATION 1, INC. | : | |
| Defendants. | : | |

<u>**RODRIGUEZ**</u>, Senior District Judge

This matter comes before the Court on Plaintiff Bruce Warren's Motion for Default Judgment [7]. Defendants Specified Credit Association, Inc. ("SCA") and Specified Credit Association 1, Inc. ("SCA1") have not opposed the instant motion or otherwise made appearances in this matter. At issue are Plaintiff's claims that Defendants violated the Fair Debt Collection Practices Act. The Court has considered the submissions of Plaintiff. For the reasons discussed below, Plaintiff's motion will be granted.

**I. <u>Background</u>**

The facts according to Plaintiff's Complaint are as follows. Defendants were corporations engaged in the business of collecting debt in the State of New Jersey, and did so by telephone and by mail. On or about March 15, 2011 Plaintiff received a voicemail on his cellular phone left by "Greg Marshall," an agent of SCA, in which Marshall stated that he was "calling regarding Case 176625." Marshall did not identify where he was calling from and did not state that he was a debt collector. On or about

1

March 18, 2011 Plaintiff received a letter from SCA signed by Marshall. In the letter, Marshall tells Plaintiff to "[p]lease contact [SCA's] office immediately to discuss payment regarding this delinquency." The bottom of the letter contained a thirty-day validation notice, instructing that the debt would be assumed valid unless Plaintiff notified SCA within 30 days that the validity of the debt was disputed.

Plaintiff filed a Complaint against Defendants on March 24, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Defendants were served on April 11, 2011, but never answered the Complaint. On June 14, 2011, Plaintiff requested entry of default, and default was entered by the Clerk on that date. Plaintiff filed the instant Motion for Default Judgment on July 29, 2011, seeking statutory damages under the FDCPA in the amount of $1,000, and attorney's fees in the amount of $3,435.00.

## II. Discussion

### A. Standard of Review for Default Judgment

A party is not entitled to the entry of a judgment of default as of right, because the entry of such a judgment is left primarily to the discretion of the district court. Hritz v. Woma, 732 F.2d 1178, 1180 (3d Cir. 1984). Defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). The Court need not accept Plaintiff's legal conclusions, because "[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of

law." Id. § 2688, at 63.  See also DirecTV v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004).

Before entering a judgment of default, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; and (2) whether a meritorious defense has been asserted by the defendant.  See Livingston Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976).  Whether the default was willfully caused by the defendant is also a relevant factor.  Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on their merits.  Medunic, 533 F.2d at 894.

**B. Analysis**

**1. Propriety of Default Judgment in This Case**

The Court finds that the entry of a judgment of default is merited here because Plaintiff will be prejudiced if no default judgment is entered, as it has no other means of vindicating its claim against Defendants. Defendants have not responded to Plaintiff's Complaint. In addition, Defendants have not asserted any meritorious defense to Plaintiff's claims, nor have they offered any excusable reason for default. Accordingly, default judgment is appropriate in this case. The Court next looks to the legal sufficiency of Plaintiff's conclusions.

**2. Whether Plaintiff States a Cause of Action**

The FDCPA was enacted to curb "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). To help protect consumers' rights, the Act creates a private cause of action against debt collectors who

3

violate its provisions. Plaintiff alleges that Defendants violated numerous provisions of the Act in its voicemail and letter. The Court will address each communication in turn.

    a. SCA's Voicemail

Plaintiff alleges that Greg Marshall left a voicemail on Plaintiff's cell phone in which Marshall failed to identify himself as a debt collector, and that by referring to Plaintiff's situation as a "case," Marshall was attempting to mislead Plaintiff into believing that the call was regarding a legal matter. Compl. ¶¶ 9-11.

The FDCPA prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "[T]he placement of telephone calls without meaningful disclosure of the caller's identity" constitutes a violation of § 1692d. 15 U.S.C. § 1692d(6); Ford v. Consigned Debts & Collections, Inc., Civ. No. 09-3102, 2010 WL 5392643, *3 (D.N.J. Dec. 21, 2010). The Act further prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of a debt. 15 U.S.C. § 1692e. Failure to disclose in an "initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" violates this provision. 15 U.S.C. § 1692e(11). A debt collector also violates § 1692e where the collector makes a "false representation or implication that any individual is an attorney or that any communication is from an attorney." § 1692e(3). A communication is deceptive for purposes of the Act if "it can be reasonably read to have two or more different meanings, one of which is inaccurate. Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008).

The Court finds that Plaintiff's allegations regarding Marshall's voicemail state a

4

cause of action under 15 U.S.C. §§ 1692d and 1692e, in that Marshall failed to meaningfully disclose his identity as a debt collector. Accordingly, Plaintiff has shown a violation of these two provisions.

### b. SCA's Letter

Plaintiff alleges that SCA's letter, in that it instructed Plaintiff to "Please contact [SCA's] office immediately to discuss payment," contradicted the thirty-day validation notice requirement at the bottom of the letter, and that as a result Plaintiff was not properly advised of his legal right to dispute the validity of the debt. Compl. ¶ 15.

The FDCPA requires a debt collector to include written notice containing (1) the amount of the debt; (2) the name of the creditor and to whom the debt is owed; (3) the statement that unless the consumer, within thirty-days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of judgment be mailed to the consumer by the debt collector; and (5) the statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g.

To comply with § 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter-the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350,

354 (3d Cir. 2000). The validation notice required by the Act is to be interpreted from the perspective of the 'least sophisticated debtor.'" Id. (citing Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)). This standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Id. (citation omitted). The standard also seeks, however, to "prevent[] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Id. at 354-55. For the notice to be effective, it must not be overshadowed or contradicted by accompanying messages from the collector. Graziano, 950 F.2d at 111. Whether language in a collection letter contradicts or overshadows the validation notice is a question of law. Wilson, 225 F.3d at 353 n. 2.

The Court finds that SCA's instruction to contact SCA "immediately to discuss payment" did not overshadow or contradict the validation notice required by 15 U.S.C. § 1692g. The Court observes that the § 1692 notice is at the bottom of the letter and in a font that is slightly smaller than the remaining text in the letter, yet in bold print, and under a heading directly beneath the signature which reads "IMPORTANT NOTICE: PLEASE READ." SCA's request that Plaintiff contact its office "immediately" does not overshadow or contradict the validation notice; the letter does not demand payment within a period of less than thirty days or threaten any action whatsoever. See e.g., Wilson, 225 F.3d at 356 (letter made no demand for payment in less than thirty days and did not threaten action without such payment); Terran v. Kaplan, 109 F.3d 1428, 1434 (9th Cir. 1997) (request that the alleged debtor immediately telephone a collection assistant does not overshadow the language in the notice that the alleged debtor has

6

thirty days in which to dispute the debt); cf., Graziano, 950 F.2d at 111 (demand for payment within ten days contradicted notice and breached § 1692g). On a motion for default judgment the Court does not simply accept Plaintiff's conclusions of law. Accordingly, the Court finds that SCA's letter to Plaintiff did not violate the FDCPA by instructing Plaintiff to contact SCA immediately.

**3. Damages**

Plaintiff's Complaint seeks actual and statutory damages, as well as attorney's fees. In his Motion for Default Judgment, however, Plaintiff seeks only statutory damages and attorney's fees. Plaintiff also has not alleged facts supporting actual damages of any kind; the Court therefore will not award actual damages. In total, Plaintiff seeks $4,435.00, consisting of $1,000 in statutory damages in addition to $3,435.00 in attorney's fees.

a. Statutory Damages

The FDCPA allows for a maximum recovery of $1,000 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A). There are several factors that are to be considered in determining the appropriate statutory damages:

> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional

15 U.S.C. § 1692k(b)(1). A plaintiff may recover statutory damages even if the plaintiff has not suffered any actual damages. Barows v. Chase Manhattan Mortg. Corp., 465 F. Supp. 2d 347, 354 (D.N.J. 2006).

Even in cases where there have been egregious and repetitive violations of the

FDCPA, statutory awards are often less than $1,000. Ford, 2010 WL 5392643 at *5. Here, Plaintiff has sufficiently alleged a single violation of the FDCPA in that Marshall did not properly identify himself in a voicemail message left on Plaintiff's cell phone. Plaintiff has not alleged any other deceitful or any threatening behavior on behalf of Defendants. Essentially, Plaintiff pleads a violation which is technical in nature. As such, Plaintiff's request for $1,000 is excessive. See Id. at *7 (awarding $350 in statutory damages where debt collector threatened to sue plaintiff, inform his parole officer of the debt and have plaintiff thrown back in jail, and discussed plaintiff's case with his sister). The Court therefore awards Plaintiff $100.00 in statutory damages.

      b. Attorney's Fees

The FDCPA entitles a prevailing plaintiff to "recover the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The award of attorney's fees to a prevailing plaintiff is not discretionary; rather, "the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano, 950 F.2d at 113 (3d Cir. 1991). A prevailing plaintiff should be awarded reasonable attorney's fees and costs whether or not the plaintiff is entitled to an award of actual or statutory damages. Ford, 2010 WL 5392643 at *7 (citing Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998).

Plaintiff has provided an affidavit of counsel as well as an itemized invoice with respect to his attorney's fees. The Court finds that the number of hours worked and the hourly fee charged are reasonable under the "lodestar" analysis. See Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

Accordingly, Plaintiff is entitled to the attorney's fees and costs requested.

### III. Conclusion

The Court having considered Plaintiff's written submission, and for the reasons discussed above,

IT IS on this 28th day of March, 2012 hereby ORDERED that Plaintiff's motion for default judgment is GRANTED in the amount of $3,535.00.

      /s/Joseph H. Rodriguez
Hon. Joseph H. Rodriguez
United States District Judge